**LaMecia McKENZIE, individually, and on behalf of all others similarly situated, Plaintiff,**

v.

**FEDERAL EXPRESS CORPORATION, and Does 1 through 50, inclusive, Defendants.**

**No. CV 10–02420 GAF (PLAx).**

United States District Court, C.D. California.

June 16, 2011.

Jeffrey C. Jackson, Kirk D. Hanson, Jackson Hanson LLP, San Diego, CA, for Plaintiff.

Barak J. Babcock, Ben J. Scott, Christopher J. Yost, Federal Express Corporation, Memphis, TN, Christopher J. Yost, Federal Express Corporation, Irvine, CA, for Defendants.

MEMORANDUM & ORDER REGARDING MOTION FOR CLASS CERTIFICATION

GARY ALLEN FEESS, District Judge.

## I. INTRODUCTION

Plaintiff LaMecia McKenzie ("McKenzie"), a former hourly employee of Defendant Federal Express Corporation ("FedEx"), moves for class certification of a California Labor Code section 226(a)(2), (a)(6) and (a)(9) claim alleging defects in wage and hour statements periodically provided to FedEx employees. McKenzie contends, *inter alia,* that the requirements of a Federal Rule of Civil Procedure 23(b)(3) class have been met because "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

FedEx opposes the motion. FedEx attacks the motion on every one of the Rule 23 elements. Most significantly, FedEx argues that, because an individual determination of injury must be conducted pursuant to California Labor Code section 226(e), individual inquiries predominate over the common legal and factual issues in this case. The Court disagrees. First, the Court is persuaded that the Rule 23(a) factors are easily established in this case. Thousands of employees received periodic wage statements that all contained the identical defects identified by McKenzie. Numerosity, commonality and typicality are readily met. Moreover, the Court is persuaded that the injury requirement of section 226(e) is subject to common proof, which supports McKenzie's assertion that common questions of fact and law are predominant. In short, because McKenzie has established the elements of a Rule 23(b)(3) class, the Court **GRANTS** McKenzie's certification motion. The Court explains its reasoning in greater detail below.

## II. BACKGROUND

### A. FEDEX'S WAGE STATEMENTS

From April 1993 to July of 2009, McKenzie worked as a truck driver for FedEx and was classified as an hourly employee. (Mem., McKenzie Decl. ¶ 2.) During the course of her employment, McKenzie, along with other hourly employees, received wage statements on a weekly basis which listed three categories of earnings: (1) "OvrTimePrm," (2) "Overtime," and (3) "Reg Earn." (*See, e.g., id.,* Ex. 1 [Wage Statement].) With respect to the hours included in the pay period, the wage statements did not provide a separate category calculating the total hours worked by McKenzie. (*Id.*) Rather, these statements listed the number of hours worked at the regular rate of pay, and stated the number of overtime hours under both the "Overtime" and "OvrTimePrm" categories. (*Id.*) For example, one of McKenzie's wage statements provided that she worked a total of 35.53 hours at "Reg Earn" rate, and listed 2.28 hours twice under the "Overtime" and "OvrTimePrm" rates of pay. (*Id.*) If an employee sought to calculate the total number of hours worked during a pay period, they would have to add the hours listed under the "Reg Earn" and "Overtime" categories. (*Id.,* Hanson Decl., Ex. 6 [Scott Depo. at 33:5–10].) However, if an employee were to add the hours corresponding to all three of these categories, the total hours worked would be incorrect. (*Id.* at 32:11–22.)

Next, corresponding to each of the three categories listed in the wage statements, the regular rate of pay was the same as the "Overtime" rate, and the "OvrTimePrm" rate was half of the regular rate. (*Id.* at 26:25–27:4.) As such, under this system, an employee would have to add the regular rate of pay to the one listed under "OvrTimePrm" to determine that his or her overtime rate is a time and a half the regular rate. (*Id.* at 29:13–30:1.)

Additionally, while the wage statements that FedEx provided to its employees list the end date for the pay period, (*id.,* McKenzie Decl., Ex. 1 [Wage Statement]), it was not until December of 2009 that these statements

included a beginning date. (*Id.*, Hanson Decl., Ex. 6 [Scott Depo. at 8:23–9:5].) Because of this, an employee would have to know beforehand that the corporate pay week is Sunday through Saturday, and either consult their work schedule or a calendar to determine the date range for the pay period. (*Id.*, Ex. 5 [Dandrige Depo. at 29:16–19, 30:10–31:9].) According to FedEx's human resources advisor, Dionne L. Dandrige ("Dandrige"), the "People Manual" notified employees what the beginning and end dates were for each pay week. (*Id.* at 6:5–6, 17:20–25, 24:1–6.) Dandrige also explained in her deposition testimony that, as a practical matter, an employee can subtract six days from the end date on the wage statements to determine what the beginning date is for the pay period. (*Id.* at 41:12–42:13.)

Further, FedEx implemented this pay stub system and controlled how the wage statements were formatted for its hourly employees in California. (*Id.*, Ex. 6 [Scott Depo. at 8:14–22, 22:8–23:6].)

### B. DECLARATIONS SUBMITTED BY FEDEX

In support of its opposition to class certification, FedEx has provided several declarations by its employees stating that they were paid every Friday, and understood that the wage statement was for work performed the previous Sunday through Saturday, Monday through Friday, or Sunday through Thursday, (*compare*, Opp., Ex. 5, [Beaureau Decl. ¶ 2]; Ex. 8 [David Decl. ¶ 2]; *with*, Ex. 23 [Marquez ¶¶ 4–5]; Ex. 26 [Nguyen Decl. ¶ 2]; *with*, Ex. 28 [Pacubas Decl. ¶ 2]); they are paid by direct deposit and do not receive an actual check, (*see, e.g., id.*, Ex. 1 [Abraha Decl. ¶ 4]); the wage statements are simple and they are not confused by it, or if they were initially confused, a FedEx manager answered all of their questions, (*see, e.g., id.*, Ex. 3 [Ballard Decl. ¶ 5]; Ex. 6 [Carrasco Decl. ¶ 7]); they were able to determine on a few occasions that they were not paid correctly and the error was resolved by a FedEx manager, (*see, e.g., id.*, Ex. 2 [Anderson Decl. ¶ 6]; Ex. 7 [Castorena Decl. ¶¶ 7–8]); they would verify the hours worked for a pay period by using FedEx's computer system and their own handwritten notes, (*see, e.g.,*

*id.*, Ex. 9 [Edwards Decl. ¶ 6]; Ex. 13 [Harris Decl. ¶ 6]), they do not check the printed wage statements when they receive them, (*see, e.g., id.*, Ex. 10 [Fisher Decl. ¶ 5]); and some have stated that their pay has always been correct. (*See, e.g., id.*, Ex. 30 [Quiroz Decl. ¶ 5].)

### C. PROCEDURAL HISTORY

In November of 2009, McKenzie provided FedEx and the California Labor and Workforce Development Agency ("LWDA") written notice of the specific provisions of the Labor Code that she claims FedEx violated. (Mem., Hanson Decl., Ex. 1 [Letters to LWDA].) On December 21, 2009, the LWDA provided McKenzie and FedEx written notice that it did not intend to investigate the Labor Code violations raised by McKenzie. (*Id.* ¶ 4, Ex. 3 [LWDA Written Notice].) On February 19, 2010, McKenzie filed a putative class action complaint against FedEx in the Los Angeles County Superior Court, and the case was subsequently removed to this Court on April 2, 2010. (Docket No. 1, Not., Ex. A [Compl.].) On November 2, 2010, McKenzie filed her FAC seeking civil penalties under PAGA for FedEx's alleged violations of Labor Code sections 226(a) and 1198, and averring class action claims under Labor Code section 226 and the UCL. (Docket No. 25, FAC.)

Thereafter, both parties filed cross-motions for summary judgment and the Court granted, on April 14, 2011, McKenzie's motion for the first cause of action under Labor Code section 226, FedEx's motion with respect to the second and fourth claims, which arose under Labor Code section 1198, I.W.C. Wage Orders, and the UCL, and denied both motions for the third cause of action under Labor Code section 226. (Docket No. 49, 4/14/11 Order at 22.) Presently before the Court is McKenzie's motion for class certification as to the third and fourth claims in the FAC, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class:

> **All current and former hourly employees employed by [FedEx] in California**

**for the period February 19, 2009, to the present.**

(Not. at 2) (emphasis added).

Because this Court has already granted FedEx's motion for summary judgment on the fourth cause of action, this order will only address the certification motion as it pertains to the third claim. (4/14/11 Order at 22.)

## III. DISCUSSION

### A. CALIFORNIA LABOR CODE SECTION 226

The third cause of action in this case arises out of violations of California Labor Code section 226, subdivisions (a)(2), (a)(6), and (a)(9), which provide in pertinent part as follows:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing ... (2) total hours worked by the employee ..., (6) the inclusive dates of the period for which the employee is paid ..., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

CAL. LAB.CODE § 226(a).

As already determined by this Court, FedEx's wage statements violated all three of these subdivisions. (4/14/11 Order at 6–12.) Accordingly, pursuant to Labor Code section 226(e):

An employee *suffering injury* as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is enti-

tled to an award of costs and reasonable attorney's fees.

*Id.* at § 226(e) (emphasis added).

In *Price v. Starbucks Corp.,* the California Court of Appeals recently addressed the injury requirement under section 226(e). 192 Cal.App.4th 1136, 122 Cal.Rptr.3d 174, 178 (2011). The Court noted:

The injury requirement in section 226, subdivision (e), cannot be satisfied simply if one of the nine itemized requirements in section 226, subdivision (a) is missing from a wage statement. By employing the term 'suffering injury,' the statute requires that an employee may not recover for violations of section 226, subdivision (a) unless he or she demonstrates *an injury* arising from the missing information. Thus, the 'deprivation of that information,' standing alone is not cognizable injury.

*Id.* (internal citations omitted) (emphasis in original). However, the court went on to explain that "mathematical injury that requires computations to analyze whether the wages paid in fact compensated [the employee] for all hours worked" is sufficient to establish injury. *Id.* (internal quotation omitted). Specifically, the court noted that this can be proven if the injury arises "from inaccurate or incomplete wage statements," which require the plaintiff to engage "in discovery and mathematical computations to reconstruct time records to determine if they were correctly paid." *Id.* (citations omitted). Likewise, the California Court of Appeals in *Jaimez v. DAIOHS USA, Inc.,* noted that "[w]hile there must be some injury in order to recover damages [under § 226(e) ], a very modest showing will suffice." 181 Cal. App.4th 1286, 105 Cal.Rptr.3d 443, 460 (2010). The court further explained that " 'this lawsuit, and the difficulty and expense [the plaintiff has] encountered in attempting to reconstruct time and pay records,' may well be 'further evidence of the injury' he has suffered." *Id.* (quoting *Wang v. Chinese Daily News, Inc.,* 435 F.Supp.2d 1042, 1050 (C.D.Cal.2006)).

Applying these principles, this Court has already concluded that the defects in the FedEx wage statements are the kind that require sufficient inquiry and computation to

constitute "injury" under the Labor Code § 226(e).

### B. CLASS CERTIFICATION

#### 1. THE LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure sets forth the requirements for certifying a class action. Case law construing the rule holds that, before granting a motion to certify, the Court must conduct a "rigorous analysis" to ensure that the four requirements of Rule 23(a) are met and that the class fits within one of the three categories of Rule 23(b). *Gen. Tel. Co. of the Sw. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1233 (9th Cir. 1996). The party seeking certification bears the burden of proof with respect to these requirements. *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186, *as amended,* 273 F.3d 1266 (9th Cir.2001). "Plaintiff can meet this burden by providing the Court with a sufficient basis for forming a 'reasonable judgment' on each requirement." *Haley v. Medtronic, Inc.,* 169 F.R.D. 643, 647 (C.D.Cal.1996) (quoting *Blackie v. Barrack,* 524 F.2d 891, 901 (9th Cir.1975)).

In deciding a motion to certify a class, the court may not evaluate whether the plaintiff is likely to prevail on the merits of the stated claims. *Eisen v. Carlisle & Jacquelin.* 417 U.S. 156, 177–78, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Staton v. Boeing Co.,* 327 F.3d 938, 954 (9th Cir.2003). "[P]laintiff is not required to prove the merits of the class claim on a motion for certification, or even to establish a probability that the action will be successful." *Haley,* 169 F.R.D. at 647 (citing *Eisen,* 417 U.S. at 177–78, 94 S.Ct. 2140; *Valentino,* 97 F.3d at 1231–32; *Blackie,* 524 F.2d at 901). However, the court may consider evidence relating to the merits to the extent that such evidence bears on the requirements of Rule 23. *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992).

#### 2. STANDING TO BE A CLASS REPRESENTATIVE

A plaintiff seeking to represent a class must establish personal standing. *Nelsen v.*

*King Cnty.,* 895 F.2d 1248, 1249–50 (9th Cir. 1990). This means that the named plaintiff "must be a member of the class he or she seeks to represent at the time the class action is certified by the district court." *Id.* at 1250 (quotation omitted). As with other elements of class certification, the plaintiff bears the burden of establishing standing. *City of Los Angeles v. Lyons.* 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). To meet the constitutional requirements for standing, the plaintiff must establish three elements: "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations and internal quotations omitted).

█ Here, McKenzie and the proposed class members received wage statements by FedEx during the class period that violated section 226(a). (4/14/11 Order at 7–11.) In addition, FedEx's failure to provide wage statements that complied with section 226(a), confused McKenzie as to what her overtime rate was and the total number of hours that were included in each pay period. (*Id.* at 4.) Moreover, as discussed further below, McKenzie suffered the requisite injury under section 226(e) based on the defective wage statements, and statutory damages will redress McKenzie's damages resulting from FedEx failing to include the beginning date of the pay period, the total hours worked, and listing inaccurate overtime hours and rates of pay in its paystubs.

However, as explained in greater detail below, while McKenzie has standing to seek certification under Rule 23(b)(3), she lacks the requisite standing, as a former employee, to sue for injunctive relief on behalf of the proposed Rule 23(b)(2) class.

### 3. THE REQUIREMENTS OF RULE 23(A)

Rule 23(a) requires that: (1) the class be so numerous that joinder of all members is impracticable ("numerosity"); (2) there be questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties be typical of the claims or defenses of the class ("typicality"); and (4) the representative parties fairly and adequately protect the interests of the class ("adequacy").

#### a. Numerosity

To establish numerosity, a plaintiff must show that the represented class is so numerous that joinder of all members is impracticable. *See* Fed.R.Civ.P. 23(a)(1); *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 444 (N.D.Cal.2001). However, "impracticable" does not mean impossible; it refers only to the difficulty or inconvenience of joining all members of the class. *See Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913 (9th Cir.1964). "Because no exact numerical cut-off exists, the specific facts of each case must be examined to determine if impracticability exists." *Haley*, 169 F.R.D. at 647 (citing *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980)). When the class is not so numerous, courts should consider other factors such as "the geographical diversity of class members, the ability of individual claimants to institute separate suits, and whether injunctive or declaratory relief is sought." *Jordan v. Los Angeles Cnty.*, 669 F.2d 1311, 1319 (9th Cir. 1982) *vacated on other grounds*, 459 U.S. 810, 103 S.Ct. 35, 74 L.Ed.2d 48 (1982).

■ Here, McKenzie argues that the numerosity requirement is satisfied in this case because, as conceded by FedEx, it "employed over 10,000 hourly employees in California within the relevant statutory period." (Mem. at 4); (*see* Docket No. 1, Not. ¶ 20) ("hourly employees in California are paid weekly and FedEx has employed over 11,000 hourly employees in the State of California during the potential liability period."). The Court agrees. Circuit law teaches that a class as little as thirty-nine individuals is large enough to satisfy the numerosity requirement. *Jordan*, 669 F.2d at 1319 (in consider-ing the certification of three proposed subclasses, the court noted that it "would be inclined to find the numerosity requirement in the present case satisfied *solely* on the basis of the number of ascertained class members, i.e., 39, 64, and 71") (emphasis added); *see also* Herbert Newberg & Alba Conte, 1 Newberg on Class Actions, § 3:5 (4th ed. 2004) ("the difficulty in joining as few as 40 class members should raise the presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone"). Because McKenzie's proposed class is well over 39 individuals, (Not. ¶ 20), the Court finds that the numerosity requirement has been satisfied.

#### b. Commonality

A plaintiff can meet the commonality requirement if "there are questions of law *or* fact common to the class." Fed.R.Civ.P. 23(a)(2) (emphasis added). This requirement "has been construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir.1998). "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* The purpose of this requirement is simply to ensure that the situation of class members is " 'sufficiently parallel to insure a vigorous and full presentation of all claims for relief.' " *Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.*, 917 F.2d 1171, 1175 (9th Cir.1990) (citation omitted).

■ Here, the Court finds that the commonality requirement has been adequately established in the present action. First, FedEx provided its hourly employees with identical wage statements, (Mem., Hanson Decl., Ex. 6 [Scott Depo. at 8:5–9:5]; McKenzie Decl., Ex. 1 [Wage Statements]), and, as indicated in this Court's order regarding the parties' cross-motions for summary judgment, these wage statements violated Labor Code section 226, subdivisions (a)(2), (a)(6), and (a)(9). (4/14/11 Order at 6–12.) Accordingly, FedEx's potential Labor Code liability in this case derives from the flaws in its wage

statement form which is used to pay all 10,000 members of the class. That is more than sufficient to satisfy the "commonality" requirement.

### c. Typicality

Typicality exists when "the claims or defenses of the representative are typical of the claims or defenses of the class." Fed. R. CIV. P. 23(a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are *reasonably co-extensive* with those of absent class members; *they need not be substantially identical.*" *Hanlon*, 150 F.3d at 1020 (emphases added). To make this assessment, the Court looks to " 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.' " *Hanon*, 976 F.2d at 508 (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D.Cal.1985)). In other words, "the test is that the class representative 'must be part of the class and possess the same interest and suffer the same injury as the class members.' " *Haley*, 169 F.R.D. at 649 (citations omitted).

■ Here, McKenzie's claims are identical to the claims of the other class members because all hourly employees of FedEx in California received the same wage statements with the same section 226(a) violations. (4/14/11 Order at 6–11.) Further, because the section 226 claim by McKenzie and the proposed class members would be based on the same conduct by FedEx—issuing defective wage statements—the Court finds that McKenzie's claim is reasonably co-extensive with those of the absent class members.

FedEx, however, argues that McKenzie has not established the typicality element because she has presented no argument and introduced no proof as to section 226(e)'s injury requirement. (Opp. at 12–13.) The Court finds this contention to be without merit. First, it is well established that for purposes of class certification, the moving party does not need to establish a likelihood of prevailing on the merits. *Eisen*, 417 U.S. at 177–78, 94 S.Ct. 2140. Accordingly, whether or not McKenzie has established the injury requirement of section 226(e) at this stage of the litigation is irrelevant to the typicality inquiry. Further, because McKenzie and the absent class members have to meet the same threshold showing of injury to satisfy section 226(e)'s "mathematical" injury requirement, *Price*, 122 Cal.Rptr.3d at 179, this also indicates that McKenzie's claim pursuant to the defective wage statements is substantially identical to the other class members.

Thus, the Court finds that the typicality element has been established here.

### d. Adequacy

To satisfy the requirement of adequacy, McKenzie must establish (1) that she does not have a conflict of interest with the proposed class; and (2) that she is represented by qualified counsel. *Hanlon*, 150 F.3d at 1020 (citations omitted); *see also Haley*, 169 F.R.D. at 649–50. The purpose of this requirement is to protect the due process interests of absent class members who "must be afforded adequate representation before entry of a judgment which binds them." *Wang*, 231 F.R.D. at 609.

■ Here, McKenzie has sufficiently established that she has no conflict of interest with the proposed class members and that she is represented by qualified counsel. First, McKenzie has indicated in her declaration that her interests in this action "are not adverse to the interests of the other employees" and are the "same as those of the other employees because [they] all received the same wage statements from FedEx and seek the same penalties from FedEx based upon the deficiencies that appear on the face of the wage statements." (Mem., McKenzie Decl. ¶ 7.) Moreover, McKenzie has also stated that she puts the best interest of the employees first while performing her duties as a class representative and is committed to vigorously prosecuting this case on behalf of herself and the other employees. (*Id.* ¶ 8.)

Further, McKenzie's counsel, Kirk D. Hanson ("Hanson"), has presented sufficient evidence that he is a qualified attorney for the purposes of this class action. As explained in

his declaration, Hanson has practiced law for seventeen years and has extensive experience handling class actions involving wage and hour disputes and other Labor Code violations such as the ones involved in this lawsuit. (*Id.*, Hanson Decl. ¶¶ 9–14.) Further, as seen from its opposition brief, FedEx has failed to introduce any evidence or arguments as to why this Court should not find in McKenzie's favor with respect to this requirement. Accordingly, the Court finds the adequacy element to be established in this case.

### 4. THE REQUIREMENTS OF RULE 23(B)

In addition to satisfying the requirements of Rule 23(a), a party seeking certification must also demonstrate that the proposed class meets one of the requirements of Rule 23(b). *Zinser*, 253 F.3d at 1186. Here, McKenzie seeks to satisfy Rule 23(b)(2) and (3).

#### a. *Rule 23(b)(2)*

Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed.R.Civ.P. 23(b)(2). For a class to be certified under Rule 23(b)(2), "[i]t is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole," even if not all class members have been injured by the challenged practice. *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir.1998). Rule 23(b)(2) is not limited to actions requesting only injunctive or declaratory relief, but injunctive relief must predominate over monetary relief such that "(1) even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate were the plaintiffs to succeed on the merits." *Molski v. Gleich*, 318 F.3d 937, 950 n. 15 (9th Cir.2003) (quoting *Robinson v. Metro–North Commuter R.R. Co.*, 267 F.3d 147, 164 (2d Cir.2001)).

■ Here, McKenzie contends that "classwide injunctive relief is appropriate here to compel FedEx to issue wage statements that comply with California law." (Mem. at 9.) FedEx disagrees, and argues that because McKenzie is a former employee, she cannot seek injunctive relief. (Opp. at 23–24.) FedEx is correct. In the case at hand, McKenzie and the other putative class members who were no longer employees of FedEx at the time the complaint was filed in this case on February 19, 2010, do not have standing to sue for injunctive relief. *See Dukes v. Wal–Mart, Inc.*, 509 F.3d 1168, 1189 (9th Cir.2007); *see also Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033 (9th Cir.2006) (recognizing that former employees lack standing to seek injunctive relief because they "would not stand to benefit from an injunction requiring the anti-discriminatory policies [to cease] at [their] former place of work"); *Am. Civil Liberties Union of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir.2006) ("When evaluating whether [the standing] elements are present, we must look at the facts as they exist at the time the complaint was filed.") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n. 4, 112 S.Ct. 2130, 119 L.Ed.2d 351). Under these circumstances, it is difficult to say that, "even in the absence of a possible monetary recovery, reasonable plaintiffs [who lack standing to seek injunctive or declaratory relief] would [nonetheless] bring th[is] suit to obtain the injunctive or declaratory relief sought." *Molski*, 318 F.3d at 950 n. 15 (quoting *Robinson*, 267 F.3d at 164). Accordingly, the Court finds that certification pursuant to Rule 23(b)(2) is not warranted in this case.

#### b. *Rule 23(b)(3)*

Alternatively, McKenzie moves for certification pursuant to Rule 23(b)(3). "[C]ertification pursuant to Rule 23(b)(3) . . . is appropriate 'whenever the actual interests of the parties can be served best by settling their differences in a single action.'" *Hanlon*, 150 F.3d at 1022 (citation omitted). Before certifying a class under this subsection, a court must determine that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class

action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). These questions are interrelated because "[i]mplicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino*, 97 F.3d at 1234; *Haley*, 169 F.R.D. at 650.

### i. Predominance

The predominance requirement is "far more demanding" than the commonality requirement of Rule 23(a). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Here, FedEx contends that common issues do not predominate in this case because how each class member was injured requires an individualized inquiry under section 226(e). (Opp. at 20–23.) The Court disagrees.

Several cases have addressed whether common issues predominate when the class claim is based on a section 226 violation. For example, in *Jaimez*, when the trial court denied plaintiff's motion to certify a class that was "based upon the failure to provide paystubs which comply with California law," the California Court of Appeals reversed the decision. *Id.* at 448, 460. In so doing, the court found that "[w]hile there must be some injury in order to recover damages [under section 226(e)], a very modest showing will suffice." *Id.* at 460. Further, even though there was no evidence in the record of the plaintiff's injury resulting from the inaccurate paystubs, the court nevertheless held that certifying the class was warranted and noted as follows:

> [The defendant] is correct that, at this point, there does not appear to be any evidence in the record of [the plaintiff's]

injury resulting from inaccurate paystubs. *The fact that individualized proof of damages may ultimately be necessary does not mean, however, that [the plaintiff's] theory of recovery is not amenable to class treatment.* A common legal issue predominates the claim, and it makes no sense to resolve it in a piecemeal fashion. *Id.* (emphasis added).

Moreover, the district court in *Ortega v. J.B. Hunt Transp., Inc.* also came to the same conclusion as *Jaimez*, and found that class certification was warranted when it was based on a section 226(e) claim. 258 F.R.D. 361, 374 (C.D.Cal.2009). Specifically, the court in *Ortega* explained that the plaintiff's "statement that he 'could usually do the math in [his] head and figure out approximately what [he] was going to get gross' is consistent with the type of injury that has been found sufficient to support a claim for violation of Section 226." *Id.* Further, "particularly in light of the fact that the pay stubs and settlement summaries provided to California drivers *are standardized documents,*" the court found "that Plaintiffs have demonstrated that certification of their pay stub claim is appropriate." *Id.* (emphasis added).[1]

■ These cases support a conclusion that the injuries suffered by the proposed class based on the non-complaint wage statements are subject to common proof. As seen from the paystubs issued by FedEx, (Mem., McKenzie Decl., Ex. 1 [Wage Statements]), all of the employees within the proposed class received wage statements that did not state the beginning date for each pay period. Because of this, FedEx employees would have to consult the "People Manual," a calendar, or their work schedule to determine what the beginning date was for a given

---

1. In addition to *Ortega*, other district court cases in California have also found that a class claim based on section 226 violations warrants certification under Rule 23(b)(3). *See Dalton v. Lee Publ'ns, Inc.*, 270 F.R.D. 555, 564–565 (S.D.Cal. 2010) (stating as follows: "Defendant also focuses on Plaintiffs' sixth cause of action regarding Defendant's alleged failure to give Plaintiffs itemized wage statements. In order to recover damages on this claim, Plaintiffs must show they were injured by Defendant's failure to issue itemized wage statements. Merely filing the 'lawsuit, and the difficulty and expense Plaintiffs have

encountered in attempting [to] reconstruct time and pay records, is ... evidence of the injury suffered as a result of [the] wage statements.' Damages for this cause of action, therefore, are also subject to common proof.") (internal quotation and citations omitted); *see also Adoma v. Univ. of Phoenix, Inc.*, 270 F.R.D. 543, 553 (E.D.Cal.2010) (stating that common issues predominate as to the injury requirement of section 226(e) when the plaintiffs had alleged "that they were underpaid and prevented from realizing this fact by virtue of inaccurate wage statements.")

wage statement.[2] (*Id.*, Hanson Decl., Ex. 5 [Dandrige Depo. at 17:20–25, 24:1–6, 29:1619, 30:10–31:9].) In addition, as explained by this Court in its prior order, FedEx's wage statements also incorrectly listed both the overtime rates and the hours worked by its employees. (4/14/11 Order at 8–11.)

In sum, because FedEx's inaccurate and incomplete wage statements require FedEx employees to engage in discovery and refer to outside sources to verify whether their pay is correct, the proposed class can prove on a class-wide level that they suffered an injury under section 226(e). *See Price*, 122 Cal. Rptr.3d at 179; *see Ortega*, 258 F.R.D. at 374 (holding that the plaintiffs demonstrated that certification was appropriate because the wage statements provided to the employees are standardized documents); *see also Perez v. Safety–Kleen Sys., Inc.*, 253 F.R.D. 508, 520–21 (N.D.Cal.2008) (holding that the plaintiffs established that common issues predominate over individual issues in the class action when the defendant employer failed to, among other things, provide accurate itemized wage statements, and noting that litigation of the wage statement violation will require "class-wide proof rather than individualized inquires.")

Further, the standard for "injury" that was articulated in *Jaimez* further supports McKenzie's position that proving a section 226 violation is amenable to class treatment. As explained in that case, because the injury element in section 226(e) only requires a "very modest showing," this lawsuit, and the difficulty and expense incurred by McKenzie and the proposed class in reconstructing time and pay records is sufficient evidence that they suffered a common injury. 105 Cal. Rptr.3d at 460 (stating that " 'this lawsuit, and the difficulty and expense [the plaintiff has] encountered in attempting to recon-

struct time and pay records,' may well be 'further evidence of the injury' he has suffered.") *Id.* (quoting *Wang*, 435 F.Supp.2d at 1050).[3]

Finally, even the declarations submitted by FedEx in opposition to McKenzie's motion for class certification indicate that common issues predominate in the present action. Specifically, in these declarations, the employees state that they use FedEx's computer system, (*see, e.g.*, Opp., Ex. 1 [Abraha Decl. ¶5]; Ex. 14 [Hendricks ¶5] ), and consult their own handwritten notes, (*id.*, Ex. 9 [Edwards ¶6]; Ex. 13 [Harris Decl. ¶6] ), to determine whether they have been paid correctly every pay period. In fact, one employee even stated in his declaration that he initially found FedEx's wage statements confusing and had to consult his manager to understand the paystub. (*Id.*, Ex. 6 [Carrasco Decl. ¶7].) Because the evidence submitted by FedEx suggests that employees were using outside sources to verify their hours, and were even confused by FedEx's wage statements, these declarations further bolster McKenzie's position that the injury requirement under section 226(e) is subject to common proof.

Accordingly, the Court finds that common issues predominate in the case at hand.

### ii. Superiority

After determining that common questions of law or fact predominate, the plaintiff must also demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). To determine whether there are sufficient questions common to all prospective plaintiffs, and if class action treatment would be more efficient than having a number of separate trials, the Court considers the factors set forth in Rule 23(b)(3). *Amchem Prods.*, 521 U.S. at 616,

2. Moreover, as seen from the declarations submitted by FedEx, some employees used FedEx's computer system to verify whether they were paid correctly. (*See, e.g.*, Opp., Ex. 1 [Abraha Decl. ¶5]; Ex. 7 [Castorena Decl. ¶6].)

3. Moreover, even if there was no evidence in the record that McKenzie suffered an injury from the wage statements issued by FedEx, and some individualized proof of damages may be necessary in this case, the holding in *Jaimez* also supports

McKenzie's position that common issues nevertheless predominate in the present action. *See* 105 Cal.Rptr.3d at 460 (holding that "[t]he fact that individualized proof of damages may ultimately be necessary does not mean ... that [the plaintiff's] theory of recovery is not amenable to class treatment. A common legal issue predominates the claim, and it makes no sense to resolve it in a piecemeal fashion.")

117 S.Ct. 2231; *Zinser,* 253 F.3d at 1190. Typically, a class action is superior if the case presents a large volume of individual claims that could strain judicial resources if tried separately and if each potential plaintiff's recovery may not justify the cost of individual litigation. *See Amchem Prods.,* 521 U.S. at 616–17, 117 S.Ct. 2231; *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985); *Local Joint Executive Board of Culinary/Bartender Trust Fund v. Las Vegas Sands,* 244 F.3d 1152, 1163 (9th Cir.2001).

The following are the four factors provided by Rule 23(b)(3):

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

FED.R.CIV.P. 23(b)(3).

In opposition to McKenzie's motion for class certification, FedEx cites to several district court cases involving the Fair and Accurate Credit Transactions Act ("FACTA"), which have held that certification of penalty-only classes is not proper, because "it is inferior—rather than superior—to other possible methods of adjudication." (Opp. at 16.) Specifically, FedEx discusses the district court case of *Najarian v. Avis Rent A Car Sys.,* 2007 WL 4682071, at *3 (C.D.Cal. June 11, 2007) to support its position that the enormous liability resulting from per-violation penalties raises due process concerns because the defendant's liability would be enormous and out of proportion to the actual harm suffered by the plaintiff. (Reply at 17.) However, because this line of reasoning has been expressly rejected by the Ninth Circuit, and FedEx now concedes this point, (Docket No. 60), the Court finds FedEx's proportionality argument to be without merit. *See Bateman v. Am. Multi–Cinema, Inc.,* 623 F.3d 708, 713 (9th Cir.2010) ("The district court denied class certification in part be-cause it concluded that [the defendant's] liability would be 'completely out of proportion to any harm suffered by Plaintiff.' We therefore must consider whether Rule 23(b) permits consideration of such a factor when deciding whether to certify a class in a FACTA case. *We hold that it does not.*") (citation omitted) (emphasis added).

■ Accordingly, the Court proceeds to analyze the four factors designated under Rule 23(b)(3). The first factor is "the interest of members of the class in individually controlling the prosecution and defense of separate actions." Fed.R.Civ.P. 23(b)(3)(A). "This factor is most relevant where each class member has suffered sizeable damages or has an emotional stake in the litigation." *Zinser,* 253 F.3d at 1190. Likewise, "[w]here damages suffered by each putative class member are not large, this factor weighs in favor of certifying a class action." *Id.; Haley,* 169 F.R.D. at 652.

Here, the maximum statutory damages that can be recovered by each FedEx employee based on a section 226(e) violation is $4,000. CAL. LAB.CODE § 226(e). Because this sum is not large, and there is no reason to believe that any particular employee has an emotional stake in this litigation, or would prefer to recover actual damages under this statute, this factor weighs in favor of finding that class treatment of this case is superior to individual actions.

The second factor is "the extent and nature of any litigation concerning the controversy already commenced by or against members of the class." FED.R.CIV.P. 23(b)(3)(B). As indicated in *Zinser,*

the existence of litigation indicates that some of the interested parties have decided that individual actions are an acceptable way to proceed, and even may consider them preferable to a class action. Rather than allowing the class action to go forward, the court may encourage the class members who have instituted the Rule 23(b)(3) action to intervene in the other proceedings.

253 F.3d at 1191 (citation omitted).

Here, McKenzie has indicated in her motion for class certification that another class

action has been filed against FedEx in December of 2010 entitled, *Lauderdale v. Federal Express Corp.*, CV 11–00902–DSF (PJWx), where in addition to numerous other Labor Code violations, the plaintiff has alleged that FedEx's wage statements violated section 226(a). *Id.* However, because McKenzie instituted this action several months before *Lauderdale*, greater progress has been made in this case, and the present action is specifically tailored to the wage statement violation claim, which is the only Labor Code violation that McKenzie and the proposed class members have suffered, the Court does not find that encouraging McKenzie to join the *Lauderdale* action is warranted in this case. As such, this factor does not prevent certification.

The third factor is "the desirability or undesirability of concentrating the litigation of the claims in the particular forum." Fed. R.Civ.P. 23(b)(3)(C). Here, there is no reason to believe that concentrating this action in this Court is undesirable, especially considering that the challenge is under California law, and the proposed class is composed of only hourly employees in California. (Not. at 2.) Moreover, as indicated by McKenzie, it would be undesirable to have numerous individual actions filed in this Court when all of the section 226 violations are based on FedEx's widespread policies pertaining to the same wage statement format. Thus, this factor supports certification as well.

Finally, the fourth factor addresses "the difficulties likely to be encountered in the management of a class action." FED.R.CIV.P. 23(b)(3)(D). With respect to this factor, the court looks to whether "the complexities of class action treatment outweigh the benefits of considering common issues in one trial...." *Zinser*, 253 F.3d at 1192 (citation omitted). Here, the Court does not find that managing this class will be difficult in the present action. As noted above, because all hourly FedEx employees received the same wage statements, McKenzie can identify the proposed class members by accessing FedEx's employment records. Moreover, because the injury requirement under section 226(e) is subject to common proof, the Court disagrees with FedEx's contention that certi-

fying the class will "invite halting case management issues." (Opp. at 19.)

In sum, based on the discussion above, the Court finds that on balance, the foregoing factors indicate that a class action is superior to individualized litigation, and thus, Rule 23(b)(3) has been adequately established in the case at hand.

### 5. Class Counsel

Once a class is certified, the Court must appoint class counsel. FED.R.CIV.P. 23(g)(1)(A). Class counsel "must fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B). In appointing class counsel, the court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed.R.Civ.P. 23(g)(*l*)(C)(i). The Court may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED.R.CIV.P. 23(g)(1)(C)(ii).

Here, McKenzie's counsel, Hanson, has presented sufficient evidence that he is a qualified attorney for the purposes of this class action. As explained in his declaration, Hanson has practiced law for seventeen years and has extensive experience handling class actions involving wage and hour disputes and other Labor Code violations, such as the one involved in this lawsuit. (*Id.*, Hanson Decl. ¶¶ 9–14.) Further, Hanson has indicated that he has extensively reviewed McKenzie's employment records and wage statements, and researched potential claims against FedEx. (*Id.* ¶ 15.) Moreover, after conducting extensive research, his firm sent letters to FedEx and the LWDA regarding the section 226 violation, propounded written discovery to FedEx, took depositions, and prepared motions for summary judgment and class certification. (*Id.* ¶¶ 15–16.) Accordingly, because of the substantial work already performed by Hanson in identifying the claims involved in this action, and his experience in class actions pertaining to

wage and hour issues, the Court **APPOINTS** Hanson and his law firm, Jackson Hanson LLP, as the class counsel.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** McKenzie's motion for class certification pursuant to Rule 23, and **APPOINTS** McKenzie as the class representative, and Hanson and his law firm, Jackson Hanson LLP, as the class counsel.

**IT IS SO ORDERED.**